IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PABLO RAMIREZ, | ) | |
| Petitioner, | ) | No. C 10-4352 LHK (PR) |
| v. | ) | ORDER GRANTING REQUEST FOR RELIEF FROM JUDGMENT TO ALLOW |
| K. CHAPPELL, Warden, | ) | FILING OF TIMELY NOTICE OF APPEAL |
| Respondent. | ) | (Docket #7 & 9) |

I.

Petitioner Pablo Ramirez, a state prisoner currently incarcerated at San Quentin State Prison (SQSP), moves the court to vacate its prior judgment pursuant to Federal Rule of Civil Procedure 60(b) and to re-enter it in order to allow him to file a timely notice of appeal. For the reasons set forth below, the court finds that relief from its prior judgment so that petitioner may pursue an appeal is in order.

II.

On November 9, 2007, petitioner was convicted of attempted murder and assault with a firearm, with enhancements of personal use of a firearm and infliction of great bodily injury, by a jury in San Mateo County Superior Court. On February 6, 2008, the court sentenced petitioner to 34 years to life in state prison.

Petitioner appealed, but the California Court of Appeal affirmed the conviction on April 10, 2009, and the Supreme Court of California denied review on July 8, 2009. The state courts also denied petitioner's subsequent applications for state habeas corpus relief.

Order Granting Request for Relief From Judgment
G:\PRO-SE\LHK\HC.10\Ramirez352mtn60b.wpd

1        On September 27, 2010, petitioner, proceeding *pro se* but with the assistance of another
2   inmate, filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this
3   court.  Among other things, petitioner claimed that he received ineffective assistance of trial and
4   appellate counsel in connection with these state criminal proceedings.  After the court issued a
5   routine order directing respondent to show cause why a writ of habeas corpus should not be
6   granted, respondent filed a response, and petitioner filed a traverse.
7        On December 9, 2011, the court denied the federal petition on the merits and entered
8   judgment against petitioner.  The court also denied a certificate of appealability (COA) in the
9   same ruling, as required by the federal rules governing habeas cases brought by state prisoners.
10  There is no indication on the docket that petitioner filed a notice of appeal or equivalent.
11       On May 17, 2013, petitioner, now represented by counsel, filed a motion asking the court
12  to vacate its prior judgment pursuant to Rule 60(b) and to re-enter it in order to allow him to file
13  a timely notice of appeal, on the ground that the inmate who assisted petitioner with his federal
14  habeas petition misled petitioner to believe that petitioner had filed a timely notice of appeal.
15       On November 1, 2013, petitioner, proceeding *pro se* but with the assistance of the inmate
16  who helped him with his federal habeas petition, filed a second motion asking the court to vacate
17  its prior judgment pursuant to Rule 60(b) and to re-enter it in order to allow him to file a timely
18  notice of appeal, on the ground that the inmate who assisted petitioner with his federal habeas
19  petition did in fact submit to prison officials for filing a timely request for a COA from the Ninth
20  Circuit, which under the law of the circuit also may serve as a timely notice of appeal.
21       Respondent did not file an opposition to either of petitioner's motions.

                                           III.

23       Rule 60(b) provides that a district court may relieve a party from a final judgment, order
24  or proceeding where one or more of the following is shown: (1) mistake, inadvertence, surprise
25  or excusable neglect; (2) newly discovered evidence which by due diligence could not have been
26  discovered before the court's decision; (3) fraud, misrepresentation or misconduct by an
27  opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or
28  discharged; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

Order Granting Request for Relief From Judgment
G:\PRO-SE\LHK\HC.10\Ramirez352mtn60b.wpd        2

A motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). For reasons (1), (2) and (3), the motion must be made no more than a year after the entry of the judgment or order or date of the proceeding. *Id.*

Petitioner invokes reasons (1) and (6) in his Rule 60(b) motions. However, because the motions were filed more than a year after the entry of judgment, only reason (6), or the "catchall provision" of Rule 60(b), remains available to petitioner.

Rule 60(b)(6) "vests power in the courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). However, Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (citation and internal quotations omitted). In the context of a missed appeal, "a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012) (citation and internal quotation marks omitted).

If extraordinary circumstances are established, a district court may vacate its prior judgment under Rule 60(b)(6) and re-enter it to allow a petitioner to file a timely notice of appeal. *See id.* at 1253-54 (relief appropriate under Rule 60(b)(6) because abandonment by counsel of record constitutes extraordinary circumstances); *see also Rodgers v Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc) (recognizing district court's authority under Rule 60(b)(1) to vacate and re-enter judgment in order to revive a lapsed right of appeal).

IV.

Petitioner's two motions for relief from judgment in order to allow him to file a timely notice of appeal must be construed as supplementing, rather than contradicting, each other. Unsure as to why the appeal was taking so long, petitioner's family hired counsel, and counsel learned from petitioner that the inmate who helped petitioner with his federal habeas had led petitioner to believe that petitioner had filed a timely notice of appeal. When counsel discovered

that no notice of appeal or equivalent had been filed in this court or the Ninth Circuit, and that the inmate helper was no longer at the same prison as petitioner, counsel filed the May 17, 2013 motion arguing that the inmate helper had misled petitioner to believe that petitioner had filed a timely notice of appeal and that, together with petitioner not speaking English and having limited reading and writing abilities in Spanish, this constitutes extraordinary circumstances meriting relief under Rule 60(b)(6). Furthermore, when the inmate helper was transferred back to the same prison as petitioner in August 2013, petitioner consulted him and learned that the inmate helper indeed had submitted to prison officials for filing a timely request for a COA from the Ninth Circuit and that the inmate helper had proof. Consequently, on November 1, 2013, petitioner, proceeding *pro se* but with the assistance of the inmate helper, filed a second motion seeking relief from judgment on the ground that the inmate helper submitted to prison officials for filing a timely request for a COA from the Ninth Circuit that was never received, but which under the law of the circuit may serve as a timely notice of appeal.

Courts have found that a habeas petitioner's necessary reliance on another inmate to assist him with his legal matters may constitute extraordinary circumstances justifying relief from judgment under Rule 60(b)(6) in order to allow the habeas petitioner to file a timely notice of appeal. *See Davenport v. Tribley*, No. 07-CV-14248, 2011 WL 669240, at *3 (E.D. Mich. Feb. 17, 2011) (granting relief under Rule 60(b)(6) to permit petitioner to file a timely notice of appeal where petitioner with learning disability had relied on other inmate to prepare and file timely notice of appeal); *see also Givens v. Housewright*, 612 F. Supp. 174, 178 (D. Nev. 1985) (extension of time to file appeal granted to habeas petitioner under Federal Rule of Appellate Procedure 4(a)(5) where petitioner was required to turn to inmate in prison yard for help with his appeal and had reason to believe that other inmate would properly prepare and timely file notice of appeal). Here, petitioner, who does not speak English and has limited reading and writing abilities in Spanish, necessarily relied on another inmate to assist him with his federal habeas petition and appeal, and reasonably believed that his inmate helper had properly prepared and timely filed a notice of appeal. Under the rationale of *Davenport*, this is enough to justify relief under Rule 60(b)(6) to allow petitioner to file a timely notice of appeal. *See Davenport*, 2011

Order Granting Request for Relief From Judgment
G:\PRO-SE\LHK\HC.10\Ramirez352mtn60b.wpd          4

WL 669240, at *3.  Moreover, petitioner's case is even more compelling because petitioner has established that, besides necessarily relying on another inmate, his inmate helper submitted to prison officials for filing a timely request for a COA from the Ninth Circuit that may be treated as a timely notice of appeal.

It is well established that a pro se prisoner's request for a COA can serve double-duty as a notice of appeal.  *See Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990) (treating timely pro se motion for certificate of probable cause as timely notice of appeal).  It is also well established that a pro se prisoner's notice of appeal is deemed "filed at the time [he] deliver[s] it to prison authorities for forwarding to the court clerk."  *Houston v. Lack*, 487 U.S. 266, 276 (1988).  The *Houston* rule applies even where a pro se prisoner's notice of appeal is never filed by the court, so long as the prisoner "diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time."  *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (noting that whether or not the notice is actually placed in the mail, delivered to the court or filed once it arrives there, are all matters beyond the prisoner's control).

Petitioner has submitted evidence showing that on December 22, 2011, his inmate helper submitted to prison officials for filing a request for a COA from the Ninth Circuit, *see* Docket #9 at 27, and that prison officials mailed the request to the Ninth Circuit the next day, December 23, 2011, *see id.* at 38.  Petitioner's request for a COA from the Ninth Circuit may be treated as a timely notice of appeal from this court's December 9, 2011, judgment, although the request for a COA was not received by the Ninth Circuit (or by this court), so long as petitioner was reasonably diligent.  *See Huizar*, 273 F.3d at 1223.  He was.

The record shows that having received no response from the Ninth Circuit for more than a year after he sent in his notice of appeal equivalent on December 22, 2011, petitioner hired counsel to look into his appeal.  Counsel discovered that no notice of appeal or equivalent had been filed and proceeded to prepare and file the May 17, 2013 Rule 60(b) motion.  This shows reasonable diligence on petitioner's part.  *See id.* at 1224 (noting that 21 months is not an unusually long time to wait for a court's decision).  Petitioner's subsequent consulting with his

Order Granting Request for Relief From Judgment
G:\PRO-SE\LHK\HC.10\Ramirez352mtn60b.wpd           5

1  inmate helper as soon as the inmate helper returned to SQSP in August 2013, and their prompt
2  investigating, preparing and filing of the November 1, 2013 Rule 60(b) motion also shows
3  reasonable diligence on petitioner's part. *See id.*

4      Under the extraordinary circumstances of this case, justice requires that relief be granted
5  so that petitioner may pursue an appeal. *See Klapprott*, 335 U.S. at 614-15. In order to facilitate
6  this, the court will vacate its prior December 9, 2011 judgment under Rule 60(b)(6) and re-enter
7  it to allow petitioner to file a timely notice of appeal. *See Mackey*, 682 F.3d at 1253-54.

8      V.

9      For the foregoing reasons, petitioner's request for relief from judgment (docket #7 & 9)
10 to allow him to file a timely notice of appeal is GRANTED. The court's judgment of December
11 9, 2011 is vacated. The order denying the petition for a writ of habeas corpus (and denying a
12 COA) and judgment entered on that date shall be re-entered by the clerk on the date of this order.
13     Petitioner is advised that, pursuant to Federal Rule of Appellate Procedure 4(a)(1), he
14 must file a notice of appeal with the clerk of this court within 30 days after re-entry of the
15 judgment. Petitioner should attach to the notice of appeal a request for a COA from the Ninth
16 Circuit and a request to proceed *in forma pauperis* on appeal, if applicable.
17     IT IS SO ORDERED.

19 DATED: January 29, 2014

                                            LUCY H. KOH
                                            United States District Judge